UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10 B 39862 |
| JOSEPH R. MITCHELL, ) | |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |
| _____ ) | |
| ) | |
| PANOS & ASSOCIATES, LLC, ) | |
| ) | Adv. No. 11 A 1 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge Pamela S. Hollis |
| JOSEPH R. MITCHELL, ) | |
| ) | |
| Defendant. | |

**MEMORANDUM OPINION**

This matter comes before the court following trial on the complaint brought by Plaintiff Panos & Associates, LLC ("Panos") against Defendant Joseph R. Mitchell ("Mitchell"), seeking a finding that the debt Mitchell owes to Panos is nondischargeble under 11 U.S.C. §§ 523(a)(5) and 523(a)(15). No witnesses appeared, and no testimony was taken at the trial. Having heard arguments by the parties and reviewed the exhibits admitted into evidence as well as trial and post-trial briefs, the court enters judgment in favor of Mitchell on the § 523(a)(5) claim and in favor of Panos on the § 523(a)(15) claim. Thus, the debt Mitchell owes to Panos is nondischargeable pursuant to § 523(a)(15).

**JURISDICTION**

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## FINDINGS OF FACT[1]

Dana Reyna-Mitchell ("Dana") filed a Petition for Dissolution of Marriage against Mitchell in the Circuit Court of Cook County, Illinois, case number 02 D 17937. **Pl. Ex. 1.** The Circuit Court entered a Judgment for Dissolution of Marriage between Dana and Mitchell on March 31, 2003. *Id.*

Dana retained Panos to represent her interests in post-decree matters. Subsequently, Panos represented Dana in an action in the Circuit Court of Cook County captioned *Dana Reyna-Mitchell NKA Dabaco v. Joseph Mitchell*, No. 02 D 17937. On August 25, 2006, the Circuit Court entered judgment in favor of Panos and against Mitchell in the amount of $19,000.00 for attorney's fees owed to Panos. **Pl. Ex. 13.** On September 8, 2009, the Circuit Court entered judgment in favor of Panos and against Mitchell in the amount of $49,875.00 for attorney's fees owed to Panos. **Pl. Ex. 31.**[2] While the orders do not cite the Illinois statute pursuant to which judgment was entered, Mitchell admitted that the orders were entered by the state court pursuant to 750 ILCS 5/508(b) and 750 ILCS 5/501(c-1), which are sections of the Illinois Marriage and Dissolution of Marriage Act that govern the award of attorney's fees. Answer, ¶¶ 10-11.

On September 3, 2010, Mitchell filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and listed the judgment debt to Panos on his bankruptcy schedules as an unsecured claim. On January 2, 2011, Panos commenced the instant adversary proceeding. On December 14, 2011, Panos filed an Amended Motion for Leave to Amend Complaint, requesting

---

[1] To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such, and to the extent that any of the conclusions of law constitute findings of fact, they are adopted as such.

[2] Panos represented to the court that the September 8, 2009 order "subsumed and included the outstanding balance of attorney's fees owed to [Panos] pursuant to the August 25, 2006 judgment. " (Pl. Trial Br. at 4).

2

authority to add a count that the debt is nondischargeable as a "willful and malicious injury." (Dock. No. 22). The court denied the motion on January 19, 2012. (Dock. No. 26).[3]

On April 26, 2012, a trial was held on the complaint. No witnesses testified at trial on either party's behalf. The court admitted Panos' Exhibits 1, 13 and 31, and Mitchell's Exhibit 2. The admitted exhibits were the sole evidence introduced at trial by the parties. The court repeatedly questioned counsel for the parties as to whether there were any factual disputes and whether they desired to introduce any evidence in addition to the four admitted exhibits. (Tr. at 10-15).[4] The parties agreed that the question for the court was a matter of law and declined the opportunity to introduce additional evidence. *Id.* The parties filed trial and post-trial briefs[5] and the court took the matter under advisement.

## CONCLUSIONS OF LAW

The party alleging that a debt is nondischargeable pursuant to 11 U.S.C. § 523 bears the burden of proving the nondischargeability by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286-87, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991). The discharge provisions of § 523 are construed strictly against the creditor and liberally in favor of the debtor in order to further the policy of providing the debtor with a fresh start. *See In re Crosswhite*, 148 F.3d 879, 881 (7th Cir. 1998). The policy of protecting the debtor "is tempered, however, when the debt arises from a divorce or separation agreement." *Id.* Sections 523(a)(5) and (a)(15) express Congressional determination to protect former spouses in matters of alimony, support

---

[3] Despite the court's denial of Panos' motion to amend the complaint, Panos' Trial Brief filed on April 25, 2012, seeks a finding that the attorney's fees are excepted from discharge pursuant to 11 U.S.C. § 523(a)(6). At trial, however, Panos did not present any evidence in support of this requested relief or even raise this claim. For these reasons, the court makes no finding as to whether the debt is nondischargeable pursuant to § 523(a)(6).

[4] All references to "Tr. at [page]" are to the official transcript of the proceedings held on April 26, 2012.

[5] Panos filed a Trial Brief on April 25, 2012 (Dock. No. 37), Mitchell filed a Post-Trial Brief on May 18, 2012 (Dock. No. 41), and Panos filed a Reply Brief on July 17, 2012 (Dock. No. 51).

and other divorce-related debts despite the Bankruptcy Code's general policy of providing a debtor with a fresh start. *Id.* at 881-82.

### A. Nondischargeability Under §§ 523(a)(5) and (a)(15)

In Count I of the complaint, Panos seeks a determination that Mitchell's obligation to pay attorney's fees is nondischargeable pursuant to 11 U.S.C. § 523(a)(5). That section excepts from discharge debts for a "domestic support obligation." 11 U.S.C. § 523(a)(5). The term "domestic support obligation" is separately defined as a debt that is:

   (A)   owed to or recoverable by—

      (i)   a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

      (ii)   a governmental unit;

   (B)   in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

   (C)   established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

      (i)   a separation agreement, divorce decree, or property settlement agreement;

      (ii)   an order of a court of record; or

      (iii)   a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

   (D)   not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

In Count II, Panos seeks a finding that its debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(15), which provides that:

> (a) A discharge under section 727…of this title does not discharge an individual debtor from any debt—
>
>> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) [domestic support obligation] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

Subsection (15) was added to the Bankruptcy Code in 1994 because § 523(a)(5) was too narrow to cover many divorce-related debts. *See Crosswhite*, 148 F.3d at 882. Section 523(a)(15) is "intended to provide greater protection for alimony, maintenance, and support obligations owing to a spouse, former spouse or child of a debtor in bankruptcy." H.R. Rep. No. 103-835, at 54 (Oct. 4, 1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3363. The legislative history reflects Congressional policy that "a debtor should not use the protection of a bankruptcy filing in order to avoid legitimate marital and child support obligations." *Id.* Thus, § 523(a)(15) "protects those debts which do not meet the test of 'domestic support obligations' under section 523(a)(5)." *Johnson v. Johnson (In re Johnson)*, 2012 WL 2835462, *2 (Bankr. C.D. Ill. July 10, 2012).

Section 523(a)(15) originally allowed debtors to discharge their divorce-related debts if they could show a lack of ability to pay, or that discharging the debt would result in a benefit to the debtor that outweighed the detriment to the non-debtor spouse. In 2005, however, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") eliminated these limitations, reflecting Congressional intent to bring as many divorce-related debts as possible under § 523. *See Clair, Griefer LLP v. Prensky (In re Prensky)*, 416 B.R. 406, 410 (Bankr. D.N.J. 2009) ("Clearly, the amendments were intended to increase the scope of the discharge exception effected by the 2005 amendments and not limit the protection to three

distinct classes of creditors – spouses, former spouses and children of the debtor."), *aff'd*, *Prensky v. Clair, Griefer LLP,* 2010 WL 2674039 (D.N.J. June 30, 2010).

### 1. Debts Payable to Third Parties

An issue arises when the debt owed by a debtor is payable directly to a third party rather than to the non-debtor spouse. This is because § 523(a)(5), by incorporating the definition of a "domestic support obligation," provides that the debt must be "owed to or recoverable by" the former spouse; similarly, § 523(a)(15) states that the debt must be "to a…former spouse."[6]

Mitchell urges this court to find that divorce attorneys who represented the non-debtor spouse and seek to collect their fees do not have standing to bring a dischargeability claim. (Def. Post-Trial Br. at 5). However, Mitchell's Post-Trial Brief fails to cite any authority in support of such a finding. Indeed, abundant case law exists in which the opposite conclusion was reached -- that a spouse's attorney's fees, even when owed directly to the attorney, are not dischargeable under either § 523(a)(5) or § 523(a)(15). *See Johnson,* 2012 WL 2835462, at *2 ("[V]irtually every lower court within the Seventh Circuit has determined that awards of attorney fees incurred by a former spouse in [marital] dissolution proceedings are nondischargeable, notwithstanding a provision that the fees be paid directly to the attorney."). This was true even before the statute was amended and expanded to except from discharge all debts incurred in connection with a divorce decree. *See In re Rios,* 901 F. 2d 71, 72 (7th Cir. 1990) ("[A]wards of attorneys' fees for services in obtaining support orders have been held nondischargeable even though the attorney is neither a spouse, a former spouse, nor a child of

---

[6] Prior to BAPCPA, § 523(a)(15) provided that a debtor was not discharged from *any* debt incurred by the debtor in the course of a divorce or in connection with a divorce decree, without requiring that the debt be to a spouse, former spouse, or child of the debtor. The 2005 amendments to § 523(a)(15) added the requirement that the debt covered by this exception must be debt "to a spouse, former spouse, or child of the debtor…." 11 U.S.C. § 523(a)(15). Thus, post-BAPCPA, the language of § 523(a)(15) with respect to the payee requirement resembles that in § 523(a)(5).

the debtor."). Recent case law on that point in this Circuit includes *Stolz v. Cavagnetto (In re Cavagnetto)*, 2012 WL 6585560, at *4 (Bankr. N.D. Ill. Dec. 11, 2012) (Cassling, J.); *In re Johnson*, 2012 WL 2835462, at *2; *Zimmermann v. Hying (In re Hying)*, 477 B.R. 731, 734-35 (Bankr. E.D. Wis. 2012) (finding attorney's fees which were ordered to be paid by debtor directly to an ex-spouse's attorneys in litigation related to marital dissolution proceedings were nondischargeable under both §§ 523(a)(5) and (a)(15)); *Koscielski v. Koscielski (In re Koscielski)*, 2011 WL 338634, at *1 (Bankr. N.D. Ill. Jan. 31, 2011) (Barbosa, J.) (holding that the debt owed by the debtor to an ex-spouse's law firm was nondischargeable under § 523(a)(15), which "has not been read literally by the courts") (internal quotations omitted); *Aldrich v. Papi (In re Papi)*, 427 B.R. 457, 464-65 (Black, J.) (Bankr. N.D. Ill. 2010) (finding that attorney who represented the debtor's ex-spouse in marital dissolution proceedings had standing to pursue her claim under § 523(a)(5)).

While the rationale for why the payee requirement of §§ 523(a)(5) and (a)(15) should not control has varied, "the vast majority of courts" find that the "nature of the debt rather than the payee is controlling even absent the nondebtor spouse's joint liability." *Kassicieh v. Battisti (In re Kassicieh)*, 467 B.R. 445, 450 (Bankr. S.D. Ohio), *aff'd*, 482 B.R. 190 (B.A.P. 6th Cir. 2012); *see also Berse v. Langman (In re Langman)*, 465 B.R. 395, 406-07 (Bankr. D.N.J. 2012). Recently, in *Levin v. Greco*, 415 B.R. 663 (N.D. Ill. 2009), the district court was confronted with the issue of whether a court-appointed child representative satisfied the requirement of § 523(a)(5) that the debt be owed to or recoverable by a spouse, former spouse or a child of the debtor. *Id.* at 666. While the court observed that the rationale of some courts has been to assume that if the debt is not paid by the debtor, the creditor could collect from the spouse, and thus a payment to the creditor is indirectly a payment to the spouse (the so-called third-party

beneficiary analysis or the *quantum meruit* analysis), Judge Gottschall endorsed the position that "the emphasis should be placed on the determination of whether a debt is in the nature of support, rather than on the identity of the payee." *Id.* at 667 (internal quotations omitted). Judge Gottschall's analysis is instructive in the § 523(a)(15) context as well, which has nearly identical language with respect to the "payee" requirement as does § 523(a)(5). *See Johnson*, 2012 WL 2835462 at *2 (noting that the majority of courts have not interpreted the payee requirement in § 523(a)(5) and § 523(a)(15) literally, looking instead to the nature of the debt and not to whom the debt is owed).

Although the nature of the debt at issue is sufficient to bring it within the scope of both §§ 523(a)(5) and (a)(15), the court has also considered Panos' contention that if its fees are not paid by Mitchell, then Dana would be liable for such fees. (Pl. Reply Br. at 3). The parties have not presented evidence as to whether Dana is liable for the fees that Panos seeks to recover from Mitchell. As the court noted in *Landau & Associates v. Fricke (In re Fricke)*, however, there is no doubt that if the debtor fails to fulfill his obligation to the law firm for the fees his ex-spouse incurred, the ex-spouse will continue to be liable to the law firm at least on a *quantum meruit* basis. 2010 WL 5475808 at *2 (Bankr. N.D. Ill Dec. 30, 2010) (Black, J.); *see also Koscielski*, 2011 WL 338634, at *2. Thus, if Mitchell is allowed to discharge this debt, the obligation is likely to shift back to Dana, which is exactly what §§ 523(a)(5) and (a)(15) are intended to prevent. For all of these reasons, the court concludes that Panos has satisfied the requirement of §§ 523(a)(5) and (a)(15) that the debt be to a spouse or former spouse.

### 2. Count I – Section 523(a)(5) Claim

A necessary element of § 523(a)(5) – the one that separates this subsection from (a)(15) – is that in order to be excepted from discharge as a domestic support obligation, the debt must be

in the nature of alimony, maintenance or support. *See Cavagnetto*, 2012 WL 6585560, at *4. Panos has failed to prove by a preponderance of the evidence that this is so.

Whether an obligation is in the nature of support is a question of federal bankruptcy law. *See Kolodziej v. Reines (In re Reines)*, 142 F.3d 970, 972 (7th Cir. 1998). The main principle guiding bankruptcy courts in determining whether a debt is in the nature of support is the intent of the parties or the state court in creating the obligation. *Id.*; *see also Sterna v. Paneras (In re Paneras)*, 195 B.R. 395, 402 (Bankr. N.D. Ill. 1996) (Squires, J.).

While Panos contends that the debt is in the nature of support because it arose in post-decree proceedings for the enforcement of child support due to Mitchell's alleged failure to make child support payments (Pl. Trial Br. at 8), Panos has not offered any evidence to support this allegation. A legal argument set forth in a party's brief is not evidence. *See U.S. v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007) ("[A]rguments in a ... brief, unsupported by documentary evidence, are *not* evidence.") (emphasis in original); *see also Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002) ("[I]t is universally known that statements of attorneys are not evidence."). The only exhibits offered into evidence by Panos reflect that the state court entered two orders awarding attorney's fees to Panos in Mitchell and Dana's post-decree litigation. The nature of the underlying action is not mentioned in either order, and the orders do not make any references to Mitchell's alleged failure to pay child support. Thus, nothing contained in either order, or any other admitted evidence, supports a finding that the payment of the attorney's fees to Panos is a support obligation.

Panos erroneously asserts that Mitchell has admitted that the fees awarded by the state court are in the nature of support. (Pl. Reply Br. at 3). Mitchell's answer admits only that the orders were entered pursuant to 750 ILCS 5/508(b) and 750 ILCS 5/501(c-1), the Illinois

Marriage and Dissolution of Marriage Act. While it is proper to rely on allegations in a complaint if the defendant has admitted them in his answer, *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 805 (7th Cir. 2005), Mitchell has not admitted that the debt at issue is in the nature of support.

As noted above, the burden rests on Panos to prove that Mitchell's obligation is in the nature of alimony, maintenance or support. Panos had numerous opportunities to introduce evidence in this case. At trial, the court questioned Panos' counsel as to whether it desired to introduce any evidence in addition to the admitted exhibits, including evidence pertaining to the domestic support issue, but counsel declined this opportunity.

In sum, Panos has not demonstrated that the debt it seeks to except from discharge is for a domestic support obligation. Thus, the court finds that Mitchell's debt to the law firm is not excepted from discharge under § 523(a)(5).

### 3. Count II – Section 523(a)(15) Claim

In order to determine that Mitchell's debt is nondischargeable under § 523(a)(15), Panos need only prove by a preponderance of the evidence that: (1) it is a debt to a spouse or former spouse; (2) it is <u>not</u> a domestic support obligation; and (3) it was incurred in the course of a divorce or in connection with a divorce decree. 11 U.S.C. § 523(a)(15); *Schweitzer v. Schweitzer (In re Schweitzer)*, 370 B.R. 145, 150 (Bankr. S.D. Ohio 2007). All of the requirements of § 523(a)(15) are satisfied.

First, as discussed above, a non-debtor spouse's attorney's fees awarded directly to the attorney satisfy the requirement in § 523(a)(15) that the debt be "to a spouse, former spouse, or child of the debtor." Thus, Mitchell's debt to Panos falls within the ambit of § 523(a)(15). Second, as discussed in the analysis of Count I, this debt is not a domestic support obligation.

And finally, there is no dispute that the debt was incurred in the course of a divorce or in connection with a divorce decree. The state court orders were entered in Mitchell and Dana's divorce case and Mitchell has admitted that the orders were entered pursuant to the Illinois Marriage and Dissolution of Marriage Act as discussed above. Therefore, Panos established all of the necessary elements of § 523(a)(15). Mitchell's arguments that his debt to Panos should be discharged because he lacks the ability to pay and that the benefit of a discharge outweighs the detriment to Dana stem from a misguided reliance on the pre-BAPCPA standard.

Accordingly, the debt to Panos is excepted from discharge pursuant to § 523(a)(15). To find otherwise would deny Dana the type of protection that Congress intended to extend to spouses, ex-spouses, and children of a debtor when it enacted, and later amended, § 523(a)(15).

**B. The Court Will Not Enter a Money Judgment**

While the court holds that Mitchell's debt to Panos is nondischargeable pursuant to § 523(a)(15), the court will not enter a money judgment. *See Rutkowski v. Adas (In re Adas)*, 488 B.R. 358, 380 (Bankr. N.D. Ill. 2013). Whether this court has subject matter jurisdiction to liquidate a nondischargeable claim and enter a final money judgment is a question that splits the Circuits. *See In re Cambio*, 353 B.R. 30, 32-34 (B.A.P. 1st Cir. 2004) (discussing the split in authority). The court acknowledges that in 1991, the Seventh Circuit determined that bankruptcy courts may enter a money judgment in dischargeability suits. *Matter of Hallahan*, 936 F.2d 1496 (7th Cir. 1991). But *Hallahan* was written prior to the Supreme Court's decision in *Stern v. Marshall*, ---U.S.---, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011), which found that under certain circumstances, a bankruptcy court lacks constitutional authority to enter a final judgment even where subject matter jurisdiction exists.

Although this is an asset case and thus Panos' claim may affect the distribution to creditors, it is appropriate to refrain from entry of a money judgment in a fixed amount in light of the uncertainty surrounding *Stern's* effect. Rather, the court will restrict its final judgment in this proceeding to a finding of nondischargeability.

Even if this court were persuaded to enter a final dollar judgment, Panos has failed to prove, or even clearly articulate, the amount that it seeks to be held nondischargeable. The complaint appears to seek nondischargeability of attorney's fees awarded by two state court orders dated August 25, 2006 and September 8, 2009 in the respective amounts of $19,000 and $49,875, while Panos' Trial Brief asserts that the September 8, 2009 order includes the outstanding balance owed to Panos pursuant to the August 25, 2006 order. (Pl. Trial Br. at 4). The Trial Brief further states that the total amount owed to Panos, including interest, pursuant to the September 8, 2009 order is $61,606.24, but that since the entry of a certain "September 6, 2009" judgment against Mitchell, Dana has made payments to Panos totaling $1,700. (Pl. Trial Br. at 4-5). Mitchell's Schedule F, however, schedules Panos' claim as disputed and in the amount of $55,000. Thus, the Plaintiff's failure to submit evidence that would allow the court to determine the amount of nondischargeable debt is another basis for declining to enter a money judgment.

## CONCLUSION

For all of the reasons stated above, the court finds that: (1) Panos has not proven by a preponderance of the evidence that the debt owed to it by Mitchell is nondischargeable pursuant to § 523(a)(5); and (2) Panos has proven by a preponderance of the evidence that such debt is nondischargeable pursuant to § 523(a)(15). As a result, the debt owed by Mitchell to Panos shall

not be discharged. The court will enter judgment for Mitchell as to Count I and for Panos as to Count II.

Date:     JUN - 4 2013            _____
                                                       PAMELA S. HOLLIS
                                                       United States Bankruptcy Judge